J-A02010-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL JOSEPH VOGEL | : | |
| | : | |
| Appellant | : | No. 9 WDA 2025 |

Appeal from the Judgment of Sentence Entered December 3, 2024
In the Court of Common Pleas of Beaver County
Criminal Division at No:  CP-04-CR-0001354-2023

BEFORE:  STABILE, J., MURRAY, J., and BECK, J.

MEMORANDUM BY STABILE, J.:　　　　　**FILED: May 5, 2026**

Appellant, Daniel Joseph Vogel, appeals from his judgment of sentence on fifteen counts of rape or involuntary deviate sexual intercourse ("IDSI"). Appellant argues that in thirteen of these fifteen counts, the trial court erred by ordering him to register as a sex offender under Subchapter I of the Sexual Offender Registration and Notification Act ("SORNA II").[1]

We affirm in part, vacate Appellant's sentences in part, and remand in part for further proceedings.  We affirm Appellant's judgment of sentence on

_____

[1] *See* 42 Pa.C.S.A. §§ 9799.51-9799.75.  SORNA I was originally enacted on December 20, 2011, effective December 20, 2012, replacing Megan's Law. On June 12, 2018, the General Assembly replaced SORNA I with SORNA II to remedy SORNA's unconstitutional requirements for offenders whose crimes preceded SORNA I's effective date.  Subchapter H of SORNA II applies to offenders who committed an offense on or after December 20, 2012.  *See* 42 Pa.C.S.A. §§ 9799.10-9799.42.  Subchapter I of SORNA II, the subchapter applicable to the present case, addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012.  *See* 42 Pa.C.S.A. §§ 9799.51-9799.75.

the two counts that he does not challenge. We vacate Appellant's judgment of sentence on seven counts to the extent that the court sentenced him to register as a sex offender. Subchapter I of SORNA II requires registration as a sex offender if the defendant is convicted of committing rape or IDSI on or after April 22, 1996 but before December 20, 2012. On these seven counts, the court erred by ordering Appellant to register under Subchapter I because the underlying offenses took place before April 22, 1996. On the final six counts, a remand for another sentencing hearing is necessary. We cannot tell whether Appellant must register as a sex offender on these counts because the record leaves unclear whether the underlying offenses took place before or after April 22, 1996. Furthermore, a remand is necessary due to errors in the SORNA colloquy form that Appellant signed at his original sentencing hearing.

This case stems from a series of child sexual assaults that Appellant committed against his nephew from 1989 to 1997. The victim, C.L., reported that Appellant first sexually assaulted him when he was around eight or nine years old in 1989, and that the assaults continued until April 1997. The assaults began with Appellant touching and fondling C.L.'s penis and escalated to oral and anal sex. At times, Appellant choked C.L. and pinned him to the ground. These acts occurred more than 100 times, with the last occurrence after a family member's wedding in April 1997. C.L. did not report the assaults until 2023, when he was well into adulthood. Investigators interviewed Appellant, who admitted to sexually assaulting C.L. starting when C.L. was

around eight or nine years old.  He admitted that this went on for years, ending when C.L. was around fifteen or sixteen years old.  He admitted that in addition to touching and kissing, oral sex was performed on C.L. and on Appellant.  Appellant, however, claimed that everything was consensual and that at times, C.L. (then a child) was the one who wanted this to happen.

In August 2023, almost 500 charges were filed against Appellant.  On August 14, 2023, during a preliminary hearing, C.L. testified about the assaults.

On May 16, 2024, Appellant pled *nolo contendere* to fifteen counts of IDSI and rape.  The prosecutor stated that:

(1)   Counts 1-6 of the information charged Appellant with committing IDSI—person less than sixteen years old between the years of 1989 to 1992;

(2)   Count 82 charged Appellant with committing IDSI—person less than sixteen years old in 1997;

(3)   Count 165 charged Appellant with committing IDSI—forcible compulsion in 1992;

(4)   Counts 166-171 charged Appellant with committing rape—forcible compulsion between 1989 and 1997; and

(5)   Count 248 charged Appellant with committing rape—forcible compulsion in 1997.

*See* N.T., 5/16/24, at 20-22.

On December 3, 2024, the court sentenced Appellant to an aggregate of 7-14 years' imprisonment and ordered lifetime registration under SORNA on each count to which Appellant pled *nolo contendere*. The court found that Appellant was not a sexually violent predator ("SVP"). At sentencing, Appellant signed a SORNA colloquy form that listed a series of requirements that Appellant had to satisfy as a sex offender.

On December 30, 2024, Appellant filed a timely notice of appeal. On the same date, Appellant filed a motion for appointment of conflict counsel. The motion for appointment of conflict counsel indicated that Appellant was dissatisfied with the length of his sentence and believed that his attorney was ineffective for failing to obtain a lighter sentence.

The trial court ordered Appellant to file a concise statement of matters complained of on appeal ("concise statement"). Counsel for Appellant filed a statement of intent to file an ***Anders/McClendon***[2] brief in lieu of a concise statement. The court denied the motion for appointment of conflict counsel. On February 28, 2025, despite the absence of a concise statement, the court filed a Pa.R.A.P. 1925(a) opinion addressing issues that it believed Appellant might raise on appeal, including the validity of his *nolo* plea and ineffective assistance of counsel.

On April 8, 2025, Appellant filed an application in this Court for a remand to file an amended concise statement. On April 22, 2025, the Superior Court

---

[2] ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

granted Appellant's petition for remand pursuant to Pa.R.A.P. 1925(c)(4). On the same date, Appellant filed an amended concise statement in the trial court in which he raised a single issue,

> The SORNA Tier III registration requirements imposed upon [Appellant] as part of his December 3, 2024 sentence orders effectively make his sentences illegal as SORNA constituted an *ex post facto* violation when applied to individuals whose relevant sexual offenses occurred prior to 2012.

Subsequently, the trial court filed an amended Rule 1925 opinion.

> Appellant raises three issues in this appeal:
>
> I. WHETHER THE TIER III SORNA REGISTRATION PROVISIONS STATED ON APPELLANT'S SENTENCE ORDERS FOR COUNTS 1-6, 165, AND 166-171 ARE ILLEGAL AS *EX POST FACTO* RETROACTIVE APPLICATIONS OF SUBCHAPTER I?
>
> II. WHETHER THE DECEMBER 3, 2024 SORNA COLLOQUY SIGNED BY THE TRIAL JUDGE IMPROPERLY SUGGESTED APPELLANT WAS A TIER III OFFENDER FOR COUNTS 1-6, 165, AND 166-171, IN VIOLATION OF SUBCHAPTER I?
>
> III. WHETHER THE DECEMBER 3, 2024 SORNA COLLOQUY IMPROPERLY INFORMED APPELLANT THAT HE WAS REQUIRED TO REPORT QUARTERLY AND THAT HE WAS TO REPORT IN PERSON WITHIN THREE DAYS TO REPORT ANY CHANGES IN HIS REGISTRATION INFORMATION, IN VIOLATION OF SUBCHAPTER I?

Appellant's Brief at 8.

Appellant argues that his sentences on Counts 1-6, 165 and 166-171 to register as a sex offender under Subchapter I of SORNA II are illegal because the offenses took place before April 22, 1996. A challenge to the legality of a sentence is a question of law for our standard of review is *de novo* and our

scope of review is plenary. ***Commonwealth v. Manzano***, 237 A.3d 1175, 1178 (Pa. Super. 2020).

Subchapter I prescribes in relevant part that an individual is subject to lifetime registration as a sex offender if he is convicted of, *inter alia*, rape or IDSI, and the offense took place after April 22, 1996 but before December 20, 2012. 42 Pa.C.S.A. § 9799.55(b)(2)(i)(A).[3] Appellant's convictions on Counts 1-6 and 165 are for offenses that took place before April 22, 1996. Therefore, the court erred in ordering lifetime registration in the sentencing orders for these counts. We vacate this component of Appellant's sentences on Counts 1-6 and 165.

The record is unclear whether the offenses underlying Counts 166-171 are within or outside the scope of Subchapter I. At one point during Appellant's plea hearing, the prosecutor stated that these offenses took place "when the victim was between the ages of 8 and **11**, [and] the years would be 1989 to **1997**." N.T., 5/16/24, at 21 (emphasis added). At other points, however, the prosecutor stated that the victim was 11 in **1992**. ***Id.*** at 20-21. Thus, the record is unclear whether the offenses underlying Counts 166-171 took place in 1992, outside the scope of Subchapter I, or between April 22, 1996, and the end of 1997, within the scope of Subchapter I.

---

[3] Appellant's convictions for Count 82 (IDSI) and Count 248 (rape) are for offenses that took place in 1997. There is no dispute that Appellant is subject to lifetime registration under Subchapter I on these counts.

Due to this ambiguity, we remand for another sentencing hearing in which the trial court determines the dates of the offenses underlying Counts 166-171. If the evidence demonstrates that these offenses took place before April 22, 1996, the court shall vacate the component of Appellant's sentence in Counts 166-171 requiring him to register under Subchapter I for these offenses. If the evidence demonstrates that these offenses took place between April 22, 1996, and the end of 1997, the court should not disturb the sentences in Counts 166-171.

In his next two arguments, Appellant objects to various components of the SORNA colloquy form that he signed at his sentencing hearing. To begin, he contends that the form was defective because it stated that he was subject to lifetime registration as a sex offender for offenses that took place prior to April 22, 1996. We agree. At the sentencing hearing on remand, the court shall furnish Appellant a new SORNA colloquy form which states that he is subject to registration only for **(1)** Counts 82 and 248, since these offenses took place in 1997, and **(2)** Counts 166-171, if and only if the court determines that these offenses took place between April 22, 1996 and the end of 1997. The new form should not provide that Appellant is subject to registration for Counts 1-6 and 165.

Appellant also objects to two other defects in the colloquy form, both of which we find have merit. First, Appellant challenges paragraph 7 of the colloquy form, which required him to appear quarterly (4 times per year) at

an approved registration site to verify his residence and to be photographed. We agree that Subchapter I only requires non-SVP's such as Appellant to appear once annually at an approved registration site to complete a verification form and to be photographed. *See* 42 Pa.C.S.A. §§ 9799.60(b), 9799.54(b).[4] Second, Appellant objects to paragraph 11 of the colloquy form, which required him to appear in person within three business days to report any changes in information. Subchapter I does not require offenders to appear in person to report any changes; it only requires offenders to "inform" the Pennsylvania State Police of any changes. *See* 42 Pa.C.S.A. § 9799.56(a)(2). At the sentencing hearing on remand, the court shall furnish Appellant a new SORNA colloquy form that corrects these errors.

For these reasons, (1) we affirm Appellant's judgment of sentence on Counts 82 and 248; (2) vacate Appellant's sentences in Counts 166-171 to the extent they require him to register as a sex offender under Subchapter I of SORNA; (3) we remand for a new sentencing hearing to determine whether Appellant is required to register under Subchapter I of SORNA in Counts 1-6 and 165 and (4) to provide Appellant a new SORNA colloquy form that corrects the defects in the prior colloquy form.

---

[4] Subchapter H of SORNA requires sex offenders to appear "in person" quarterly to complete a verification form. *See* 42 Pa.C.S.A. § 9799.25. It appears that Appellant's SORNA colloquy form was designed for Subchapter H offenders instead of Subchapter I offenders such as Appellant.

Judgment affirmed in part, vacated in part, and remanded in part for further proceedings in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/5/2026